UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATP TITAN LLC | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION |
| VERSUS | * | |
| | * | MAGISTRATE |
| | * | |
| HARVEY GULF INTERNATIONAL | * | |
| MARINE, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT, A TEMPORARY RESTRAINING ORDER,
A PRELIMINARY INJUNCTION, AND A PERMANENT INJUNCTION**

ATP Titan LLC ("Plaintiff") hereby files this Verified Complaint for Declaratory Judgment, a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction and respectfully states as follows:

PARTIES

1.

Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

2.

Defendant, Harvey Gulf International Marine, LLC ("Defendant") is, upon information and belief, a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana and/or Harvey, Louisiana.

JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act ('OCSLA"), 43 USC § 1331 et seq., because the subject matter of this action is an improperly filed lien encumbering production facilities located on the Outer Continental Shelf adjacent to Plaquemines Parish, Louisiana, which is located within the Eastern District of Louisiana.

4.

Venue is proper in this district pursuant to 28 USC §§ 1391(b)(1) and (c)(2) and 43 USC § 1349(b)(1).

GENERAL ALLEGATIONS

5.

The ATP TITAN Floating Production Unit, official number CG 865556 (the "TITAN PRODUCTION FACILITY") is an ABS classed floating production facility. The TITAN PRODUCTION FACILITY is further described in the Contribution Agreement attached hereto as Exhibit 2 and in various assignments relating to the TITAN PRODUCTION FACILITY attached as Exhibit 3 and Exhibit 4.[1]  The TITAN PRODUCTION FACILITY is moored on federal Lease OCS-G 16661, located on Mississippi Canyon Block 941.

6.

Lease OCS-G 16661, Mississippi Canyon Block 941, is owned by ATP Oil & Gas

---

[1] Attached hereto as Exhibit 1 is the Affidavit of Lelan E. Tate, President of Plaintiff Titan, which attests to the factual allegations recited herein.  Mr. Tate's affidavit further attests to the authenticity of Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 6, and Exhibit 7.

2

Corporation, a former owner of the TITAN PRODUCTION FACILITY.

7.

Effective September 24, 2010, ATP Oil & Gas Corporation assigned to Titan Holdco LLC all of its right, title and interest in and to the TITAN PRODUCTION FACILITY.

8.

Also effective September 24, 2010, Titan Holdco LLC assigned all of its right, title and interest in and to the TITAN PRODUCTION FACILITY to Plaintiff herein. Consequently, Plaintiff is the current owner of the TITAN PRODUCTION FACILITY for all purposes.[2]

9.

ATP Oil & Gas Corporation contracted with Defendant for certain work to be conducted on Lease OCS-G 16661, Mississippi Canyon Block 941.

10.

Defendant did not have a contract with Plaintiff for the provision of any services on Lease OCS-G 16661, Mississippi Canyon Block 941 or Lease OCS-G 24130, Mississippi Canyon Block 942. Consequently, Plaintiff does not owe Defendant any money.

11.

On July 30, 2012, Defendant filed an Oil Well Lien Affidavit ("Lien")[3] pursuant to the Louisiana Oil Well Lien Act, La. R.S. 9:4861 et seq. ("LOWLA Lien Statute"), attempting to encumber ATP Oil & Gas Corporation's interest in and to Lease OCS-G 16661, Mississippi Canyon Block 941 and Lease OCS-G 24130, Mississippi Canyon Block 942.

---

[2] *See* Exhibit 3 and Exhibit 4, attached hereto.
[3] A copy of the Lien is attached as Exhibit 5.

3

12.

On August 17, 2012, ATP Oil & Gas Corporation filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas.

13.

In pertinent part, the Lien filed by Harvey Gulf states as follows:

> That this Oil Well Lien Affidavit is being made in accordance with La. R.S. 9:4861, *et seq.*, and all other applicable laws for the purposes of asserting and preserving the lien and/or privilege granted by law to Harvey Gulf International Marine, LLC and **against ATP Oil and Gas Corporation, as operator/lessee** of the above-described wells and owners of 100% working interest in the underlying lease(s), and on (1) all hydrocarbons produced from the above-described wells or lands pooled or unitized therewith and all the proceeds thereof inuring to the working interests therein; (2) on all oil, gas or water well(s) located on the leases underlying the above-described wells and all or any portion of the oil, gas and mineral leases underlying the above-described wells; and (3) on all drilling rigs, standard rigs, platforms, machinery, appurtenances, appliances, equipment, buildings, tanks, or other structures and related equipment, attached thereto or located on the Lease, **including without limitation the ATP TITAN production facility**, or other movable property located at the well sites and used in operations as provided by statute for the aforesaid amount past due in principal and for the cost of preparing and recording this privilege or lien as well as attorney's fees as provided for by Louisiana law.

(emphasis added).

14.

The language quoted above purports to include the TITAN PRODUCTION FACILITY within the Harvey Gulf Lien, despite the fact that that facility is not owned by Harvey Gulf's obligor, ATP Oil & Gas Corporation.

15.

Pursuant to La. R.S. 9:4863 (entitled Property Subject to the Privilege), Defendant does

4

not have the right to assert a privilege against the TITAN PRODUCTION FACILITY because it is not owned by the obligor or the "lessee," ATP Oil & Gas Corporation.

16.

Pursuant to a Term Loan Agreement in which Plaintiff and CLMG Corp, as agent ("CLMG"), are parties,[4] the encumbrance against the TITAN PRODUCTION FACILITY created by the Defendant's Lien created an event of default.  In the Third Amendment to the Term Loan Agreement, CLMG agreed to waive any such default arising

> solely as a result of the filing of any purported Lien on the Properties, <u>but only to the extent that</u> (i) such purported Lien results solely from ATP's failure to pay its obligations and is not attributable to any act or remission of [Plaintiff] or [Plaintiff's parent], and (ii) ATP obtains <u>a full and irrevocable release of such Lien in compliance with all Applicable Laws by the earlier of (A) thirty (30) days after the date such Lien or any notice of intent to file a Lien was first filed against any of the Properties or (B) the commencement of any enforcement action by a holder of any such Lien</u>.

(underline supplied).

17.

Although thirty (30) days have elapsed since Defendant's Lien was filed of public record attempting to encumber the TITAN PRODUCTION FACILITY, CLMB has granted a limited extension to Plaintiff so that the purported Lien against the TITAN PRODUCTION FACILITY can be released.  That extension expires on Friday, September 7, 2012.[5]

18.

On August 27, 2012, as the extension noted in the immediately preceding paragraph was being secured, counsel for Plaintiff notified a representative of Defendant that the TITAN

---

[4] The Term Loan Agreement, as amended, is attached as <u>Exhibit 6</u>.
[5] Confirmation of this limited extension is attached as <u>Exhibit 7</u>.

5

018.7901a.atp.titan.complaint

PRODUCTION FACILITY was not owned by ATP Oil & Gas Corporation, the obligor under the unpaid invoices, and requested release of the Lien.[6]

19.

Furthermore, undersigned counsel discussed this matter with outside counsel for Defendant on September 5, 2012.

20.

Further discussions and emails between undersigned counsel and outside counsel for Defendant occurred on September 6, 2012, but counsel for Defendant was in Houston, Texas on other business. No agreement on release of the Lien was reached, necessitating this action.

COUNT 1

DECLARATORY JUDGMENT

21.

Based upon the facts as outlined above, Plaintiff seeks a declaration that Defendant's Lien does not, by operation of law, encumber the TITAN PRODUCTION FACILITY due to the fact that that facility is owned by an entity other than the obligor or the owner of the operating interests (e.g., the lessee) as defined in the LOWLA Lien Statute.

COUNT 2

TEMPORARY RESTRAINING ORDER

22.

Based upon the above facts, and due to the fact that CLMB's limited extension of time to Plaintiff to rectify the filing of Defendant's Lien at issue expires on September 7, 2012, Plaintiff

---

[6] *See* the e-mail from Anthony C. Marino to Defendant dated August 27, 2012 at 10:26 p.m., attached as Exhibit 8.

6

018.7901a.atp.titan.complaint

seeks a temporary restraining order, limited in time and scope, sufficient to maintain its compliance with its Term Loan Agreement obligations while at the same time preserving any and all rights of Defendant should such temporary restraining order be unfounded.

## COUNT 3

## PRELIMINARY INJUNCTION

23.

Based upon the above facts, Plaintiff hereby seeks a preliminary injunction, limited in time and scope, sufficient to maintain its compliance with its Term Loan Agreement obligations while at the same time preserving any and all rights of Defendant should such preliminary injunction be unfounded.

## COUNT 4

## PERMANENT INJUNCTION

24.

Based upon the above facts, and in an abundance of caution, Plaintiff hereby seeks a permanent injunction, which shall be pursued only after a determination is made as to the proprietary of the temporary restraining order and preliminary injunction requested above.

WHEREFORE, Plaintiff prays that this Court enter an appropriate judgment which contains the following:

(A) A declaration that Defendant does not have a valid lien or privilege under the Louisiana Oil Well Lien Act encumbering the TITAN PRODUCTION FACILITY;

(B) A temporary restraining order declaring that the Oil Well Lien Affidavit filed by

        Defendant does not encumber the TITAN PRODUCTION FACILITY;

(C)    A preliminary injunction declaring that the Oil Well Lien Affidavit filed by Defendant does not encumber the TITAN PRODUCTION FACILITY;

(D)    A permanent injunction declaring that the Oil Well Lien Affidavit filed by Defendant does not encumber the TITAN PRODUCTION FACILITY;

(E)    An award of all costs, expenses, and attorneys fees associated with bringing this action; and

(F)    Such further and equitable relief as this Court may deem appropriate.

Respectfully submitted,

**Slattery, Marino & Roberts**
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone:   (504) 585-7800
Facsimile:   (504) 585-7890


By: /s/Paul J. Goodwine
    Anthony C. Marino, La. #17307
    Paul J. Goodwine, T.A., La. # 23757
    Emile J. Dreuil, III, La. #29840

    Attorneys for Plaintiff, ATP Titan LLC